In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-191 CV


____________________



IN RE THE PREMCOR REFINING GROUP, INC. AND


MOTIVA ENTERPRISES, L.L.C.






Original Proceeding






OPINION



 Relators Premcor Refining Group, Inc. and Motiva Enterprises, L.L.C. seek a writ of
mandamus to compel the trial court to vacate its orders denying relators' motion for summary
judgment, denying relators' motion to strike the expert witnesses of the real parties in
interest, and denying relators' motion to dismiss the plaintiffs' personal injury claims. We
conditionally grant the petition for writ of mandamus.

Background


 The underlying proceeding began when numerous plaintiffs sued relators and other
defendants for alleged injuries sustained as a result of exposures to allegedly dangerous
emissions from relators' facilities. (1) The real parties in interest are plaintiffs Michelle Kyles
as next friend of Kevin Thomas, Jr. and Kym'Ijah Thomas, minors; Gene and Shauna
Winston as next friend of Larry Oliver, Jr., Jade Winston, and Corbin Winston, minors; and
Constantine Bailey and Hattie Bailey as next friends of William Bailey, a minor. When the
relators filed this petition for writ of mandamus, the plaintiffs' live petition (the third
amended petition) asserted causes of action for negligence per se, negligence, fraud,
temporary nuisance, trespass, and assault. In a prior mandamus proceeding, in which the
claims asserted by the plaintiffs in the underlying suit included permanent nuisance, we held
that because the plaintiffs lacked standing to assert claims for permanent nuisance, the trial
court abused its discretion by denying relators' motion to dismiss those claims. In re
Premcor Ref. Group, Inc., 233 S.W.3d 904, 908-09 (Tex. App.--Beaumont 2007, orig.
proceeding). After our opinion in that proceeding issued, the plaintiffs filed a third amended
petition, in which they deleted their claims for permanent nuisance and added claims for
personal injury and temporary nuisance.

 After relators filed the instant mandamus proceeding and this Court requested a
response, the plaintiffs again amended their petition. In their response to the petition for writ
of mandamus, the plaintiffs provided the following explanation for amending their petition:

 After further investigation [following the filing of the third amended petition],
Plaintiffs realized that they could not meet the stringent requirements for the 
personal injury claims. Plaintiffs filed a Fourth Amended Petition in which
they abandoned their personal injury claims, asserting instead that Relators
"caused, among other things, Plaintiffs to suffer physical discomfort,
inconvenience and annoyance, mental anguish, and loss of use and enjoyment
of their property."


Plaintiffs' fourth amended petition alleges that Premcor's emissions created "severe nuisance
conditions which were 'new and different' at the properties occupied by Plaintiffs and
throughout the neighborhood" on July 28, 2007, and August 5, 2007. Plaintiffs now assert
before this Court that their claims are for physical discomfort, and that such claims are
properly characterized as claims for property damage rather than personal injury claims. (2)

 On October 3, 2007, the trial court entered a case management order, which required
that within sixty days, the plaintiffs must obtain affidavits from their doctors or medical
experts attesting to the following:

 1. The nature, duration and amount of exposures or doses each Plaintiff
had to any chemical contamination, when and where such exposures
occurred, and the nature and extent of each Plaintiff's personal injury;


 2. The methodology used to calculate the amount of exposures or doses
each Plaintiff had to any chemical contaminants from each Defendant's
facilities;


 3. The physician's or other expert's opinion, based upon a reasonable
degree of medical probability, that the particular Plaintiff has suffered
particular injuries as a result of exposure to specific chemicals at or
from each Defendant's facilities, specifically and separately identifying
each Plaintiff's alleged injury and each facility's alleged emission; 


 4. Any and every injury, illness or condition suffered by each Plaintiff
that, in the opinion of the physician, was caused by the alleged
exposures or doses; and


 5. The chemical or chemicals that, in the opinion of the physician, caused
each and every specific injury, illness and condition listed; 


 6. The physician's opinion, based on a reasonable degree of medical
probability, that the exposure or dose suffered by each Plaintiff was a
substantial factor in causing each Plaintiff's injury, illness or condition;
and


 7. The absence of alternate or other causes of the specific injury, illness
or condition alleged by each Plaintiff.


The case management order stayed all discovery against relators until plaintiffs complied
with the order, and it further provided that "[i]n the event the Plaintiffs do not provide the
information required by this order within sixty (60) days of the date this Order is entered, the
Plaintiffs' personal injury claims shall be DISMISSED with prejudice to the re-filing of
same."

 Relators subsequently filed a motion to dismiss, in which they asserted that the trial
court must dismiss the plaintiffs' claims because the plaintiffs failed to comply with the
dictates of the trial court's case management order. After determining that the plaintiffs
failed to comply with the case management order, the trial court entered an order dismissing
plaintiffs' "personal injury claims" with prejudice; however, after plaintiffs filed a "Motion
for New Trial, Or in the Alternative Motion to Reconsider Prior Order," the trial court
vacated its prior order, denied relators' motion to dismiss, and permitted plaintiffs "to take
three (3) additional depositions from Defendants Motiva and Premcor in this matter
irrespective of any discovery stay previously Ordered by this Court." The plaintiffs' motion
for reconsideration did not include any additional evidence of medical causation.

 Relators also filed a motion for no-evidence summary judgment, in which they
asserted that plaintiffs lacked "reliable evidence of specific causation, which is an essential
element of the Plaintiffs' personal injury claims." The trial court denied the motion for
summary judgment. In addition, relators moved to strike the affidavits containing the
opinions of plaintiffs' experts, Thomas Dydek, Ph.D. and Bobbie Colbert, M.D., on the
grounds that the affidavits "fall far short of scientific rigor required by the well-known
Robinson/Havner standard." The trial court entered an order denying the motion to strike.

 Relators subsequently filed a second petition for writ of mandamus, in which they ask
this Court to compel the trial court to vacate its orders denying relators' motion for summary
judgment, denying relators' motion to strike the expert witnesses of the real parties in
interest, and denying relators' motion to dismiss the plaintiffs' personal injury claims.


Standard of Review


 Mandamus will issue to correct a clear abuse of discretion for which the remedy by
appeal is inadequate. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). 
With respect to whether an appellate remedy is adequate, "adequate" "has no comprehensive
definition; it is simply a proxy for the careful balance of jurisprudential considerations that
determine when appellate courts will use original mandamus proceedings to review the
actions of lower courts." Id. at 136. A trial court has no discretion in determining what the
law is or in applying the law to the facts, and a clear failure to analyze or apply the law
correctly constitutes an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.
1992).

The Question of Mootness


 In their response to the petition for writ of mandamus, plaintiffs assert that this
proceeding is moot because after relators filed their mandamus petition, the plaintiffs filed 
their fourth amended petition to exclude claims for personal injury. Plaintiffs assert that they
are currently simply seeking to recover claims for "physical discomfort, inconvenience and
annoyance, mental anguish, and loss of use and enjoyment of their property[,]" and they
characterize those claims as short-term health effects rather than personal injury claims. We
disagree that this proceeding is moot.

 We find that this situation is analogous to that which confronted the Supreme Court
in In re Allied Chemical Corporation, 227 S.W.3d 652 (Tex. 2007). In Allied Chemical, the
dissent argued that because the plaintiffs moved to deconsolidate their cases after the relators
filed a petition for writ of mandamus, the petition for writ of mandamus was moot. Id. at 664
(Jefferson, C.J., dissenting). In response to the mootness issue raised by the dissent, the
Allied Chemical majority noted that the plaintiffs had refused to provide assurance that they
would not seek future consolidated trials, and that fact made the situation capable of
repetition, yet evading review. Id. at 655. The Supreme Court explained that the situation
was

 fully capable of repetition, and if review can be evaded by the modification of
orders pending mandamus proceedings, the defendants would be put to the
repeated expense of seeking review only to have it denied by last-minute
changes in the trial court's orders. An appellate court's jurisdiction cannot be
manipulated in this way.


Id.

 In addition, as discussed above, this Court has already directed the trial court to
dismiss plaintiffs' nuisance claims, which we determined constituted claims of permanent
nuisance; however, the trial court did not do so, and instead plaintiffs amended their petition. 
See In re Premcor Ref. Group, Inc., 233 S.W.3d 904, 909-10 (Tex. App.--Beaumont 2007,
orig. proceeding). Moreover, although the plaintiffs have removed the words "personal
injury" or "personal injuries" from their fourth amended petition, they continue to seek
damages for "physical impairment experienced on July 28 and August 5, 2007 and on other
dates the evidence proves physical impairment occurring during the relevant time." The
plaintiffs also continue to claim that they suffer from physical discomfort and mental
anguish. Such claims, regardless of the words plaintiffs choose to use in describing them,
are personal injury claims. Furthermore, plaintiffs provide no credible assurance that they
will not subsequently amend their petition to reassert personal injury claims. In fact, their
conduct to date indicates the opposite. Therefore, we find that this proceeding is not moot.

The Motion to Dismiss and Our Prior Opinion


 "It has long been the rule in Texas that plaintiffs bear the burden of pleading and
proving how they were injured and by whom." In re Allied Chem. Corp., 227 S.W.3d at 659
(citing Gaulding v. Celotex Corp., 772 S.W.2d 66, 68 (Tex. 1989)). These lawsuits have
been pending for almost four years. Despite the trial court's entry of a case management
order that required the plaintiffs to produce medical evidence that the defendants' products
caused their alleged injuries, and which stated that the trial court would dismiss the plaintiffs'
claims with prejudice if they failed to comply, the trial court has refused to put the plaintiffs
to their proof by enforcing the order.

 The plaintiffs concede that they are unable to "meet the stringent requirements for
personal injury claims." As the Supreme Court explained in Allied Chemical, "the problem
here is the same as that in Able Supply [Co. v. Moye, 898 S.W.2d 766, 770 (Tex. 1995)]: too
little time . . . for the defendants to have a fair chance to mount a defense." In re Allied
Chem., 227 S.W.3d at 657-58. As in Able Supply, the relators' position in this case is
straightforward: they contend they are entitled to know which plaintiffs are claiming that they
have been injured by which defendant's product. See Able Supply Co., 898 S.W.2d at 769. 
Each defendant is entitled to evidence showing whether "there has been a medical
determination that an illness has been caused by that defendant's product." Id. at 770. The
plaintiffs do not dispute the relators' assertion that the trial court intends to set the case for
trial in October or November of 2008. Therefore, the medical causation evidence required
by the trial court's case management order is essential to enable the relators to properly
prepare a defense. See In re Allied Chem., 227 S.W.3d at 657.

 With respect to plaintiffs' claims for temporary nuisance, we hold that those claims
fall within the purview of our previous mandamus opinion, in which we held that the trial
court must dismiss the minor plaintiffs' claims for injury to real property. See In re Premcor
Ref. Group, Inc., 233 S.W.3d 904, 907-10. After determining that plaintiffs' claims sounded
in permanent nuisance rather than temporary nuisance because the plaintiffs were not
complaining of "any recent industrial accident or that any other 'irregular occurrence' has
created nuisance conditions 'so different in character and potential injury that it must be
treated as a temporary nuisance. . . ,'" we held that the plaintiffs lacked standing to pursue
those claims because they did not own the properties when the nuisance began. Id. As we
previously explained, a cause of action for injury to real property is a personal right that
belongs to the person who owns the property at the time of the injury, and there was no
indication in the record that the minor plaintiffs owned the property at the time of the new
and different emissions plaintiffs allege occurred on July 28, 2007, and August 5, 2007. See
id. at 908. The minor plaintiffs have no standing to assert a claim for damages to real
property. Therefore, for the same reasons set forth in our prior opinion with respect to the
permanent nuisance claims, the trial court must dismiss the temporary nuisance property
damage claims asserted by the minor plaintiffs. (3) See id. at 907-10; see also generally Curtis
v. Nobles, 588 S.W.2d 687, 688 (Tex. App.--Amarillo 1979, orig. proceeding) (When a court
of appeals has mandated the trial court to enter a particular judgment, jurisdiction remains
in the appellate court until the trial court enters that judgment.).

Conclusion


 Under the law as set forth in Allied Chemical and Able Supply Co., the trial court
abused its discretion by refusing to dismiss plaintiffs' claims for failure to timely produce
proper evidence of medical causation, particularly when plaintiffs concede that they are
simply unable to provide such evidence. Accordingly, we conditionally grant the petition for
writ of mandamus and direct the trial court to vacate its order denying Premcor Refining
Group, Inc.'s and Motiva Enterprises, L.L.C.'s motion to dismiss. Furthermore, as discussed
above, we trust that the trial court will follow the principles set forth in our previous opinion
and dismiss the minor plaintiffs' property damage claims for temporary nuisance. See In re
Premcor, 233 S.W.3d at 907-10. Because relators' remaining grounds for mandamus would
not result in further relief, we need not address them. See Tex. R. App. P. 47.1. We are
confident the trial court will follow this opinion. The writ will issue only if the court fails
to comply.

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on June 24, 2008

Opinion Delivered August 14, 2008

 

Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The first lawsuit, into which many of the subsequent lawsuits were consolidated, was
filed on October 6, 2004.
2. Despite plaintiffs' assertions that they are not attempting to prove personal injuries,
their fourth amended petition states that they seek damages for "physical impairment
experienced on July 28 and August 5, 2007 and on other dates the evidence proves physical
impairment occurring during the relevant time."
3. In plaintiffs' fourth amended petition, the adult plaintiffs assert claims both
individually and as next friends of the minor plaintiffs. We make no determination regarding
the adult plaintiffs' claims for temporary nuisance.