**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN J. GATES, as Trustee of
Triumph Mortgage, Inc., Retirement
Trust,

     Plaintiff-Appellant,

v.

SPRINT SPECTRUM, L.P.,

     Defendant-Appellee,

and

SPRINTCOM, INC.,

     Defendant.

No. 08-3003
(D.C. No. 2:05-CV-02340-CM-JPO)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **SEYMOUR**, and **PORFILIO**, Circuit Judges.

In this diversity action, John Gates alleges that the presence of Sprint

Spectrum's telecommunications equipment on his property constitutes a trespass.

The district court granted summary judgment to Sprint on the basis that the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH
CIR. R. 32.1.

alleged injury took place *prior* to Mr. Gates's acquisition of the property and that, absent an assignment, a cause of action for trespass belongs only to the property owner at the time of the injury. Without such an assignment, Mr. Gates lacked standing to sue. Reviewing the district court's grant of summary judgment *de novo*, *Butler v. Compton*, 482 F.3d 1277, 1278 (10th Cir. 2007), we affirm.

In April 1969, Houston Light & Power ("HLP") obtained a prescriptive easement on the property at issue in this case. The easement permitted HLP to utilize the easement for the "purpose of [] supplying, transmission and distribution of electric current, power and energy to the public." Aplt. Br. at 3 (quoting Aplt. App. at 1-2). In May 1998, HLP leased space to Sprint for the purpose of placing a cell phone antenna on an electricity transmission tower located on the property. Later that year, in December 1998, Mr. Gates purchased the property from the Federal Deposit Insurance Corporation's Resolution Trust Corporation. Although the installation of Sprint's cell-phone antenna predated Mr. Gates's acquisition of the property, he did not initially notice its presence. Upon discovering the antenna, Mr. Gates filed the instant trespass action seeking the rental value of Sprint's use of the land. Applying Texas law, the district court held the alleged injury constituted a "permanent trespass," a cause of action that vests only in the property owner at the time of the injury. Given Mr. Gates's acknowledgment that Sprint put the equipment in place prior to his acquisition of the property, the district court held Mr. Gates lacked standing to sue. This appeal

followed.

On appeal, Mr. Gates advances several challenges to the district court's grant of summary judgment to Sprint. Upon review, however, we discern no error in the district court's conclusion that the alleged injury is a permanent trespass and therefore Mr. Gates lacks standing to pursue this action.

"Because standing may be jurisdictional," *Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 9 (Tex. 2008), we address it first. "Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review." *In Re Premcor Ref. Group, Inc. & Motiva Enter.*, 233 S.W.3d 904, 908 (Tex. App. 2007). As the district court concluded, and Mr. Gates does not contest, "[Mr. Gates] acknowledges that the trespass–the intrusion onto plaintiff's property without consent or paying rent–occurred before he acquired the property." Aplt. Br. at 18 (citing Aplt. App. at 183-84). And as the Texas appellate court held in *In re Premcor*, "a cause of action for injury to real property is a personal right belonging only to the record owner of the real property at the time of the injury . . . ." 233 S.W.3d at 909. No assignment of any cause of action was made to Mr. Gates when he purchased the property.

Mr. Gates's standing to bring the instant case turns on the legal distinction between "permanent" and "temporary" trespass as applied to this case. To the extent that Sprint's cell-phone antenna constitutes a trespass, it is undisputed that Sprint placed the equipment on the property prior to Mr. Gates's ownership of it.

If the alleged trespass is temporary, Mr. Gates possesses standing to bring this trespass action; if the trespass is permanent, Mr. Gates's action is barred.

Under Texas law, an injury to property should be deemed temporary only if it is "so irregular or intermittent over the period leading up to filing and trial that future injury cannot be estimated with reasonable certainty. Conversely, [the claim] should be deemed permanent if it is sufficiently constant or regular (no matter how long between occurrences) that future impact can be reasonably evaluated." *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 281 (Tex. 2004) (holding industrial plant emissions constituted a permanent nuisance). *See id.* (applying same analysis to trespass). *See also Krohn v. Marcus Cable Assocs., L.P.*, 201 S.W.3d 876, 881 (Tex. App. 2006) (applying *Schneider* and holding that placement of cable line across plaintiffs' property was permanent trespass). The district court characterized Mr. Gates's injury as "permanent," reasoning that

> the future harm to the land was reasonably predictable from the time of the trespass because neither the existence nor the nature of the trespass changed over time.[] The injury in this case occurs often enough that in a suit for original trespass the jurors could make a reasonable estimate of the long-term impact of the trespass on the market value of the property, and under Texas law, ought to be allowed to do so.

Aplt. App. at 184-85.

Mr. Gates challenges the district court's determination that his injury is "permanent," arguing that "[c]learly the [district] court perceives the injury sued

-4-

upon to be an injury to land. But . . . Gates sues for injury to his right of possession. The injury to Gates's possessory right occurred the day he took the property and continues." Aplt. Br. at 18. Mr. Gates's challenge reflects a misunderstanding of Texas laws governing trespass. Continued interference with a property owner's possessory interest does not render a trespass "temporary," *see Krohn*, 201 S.W.3d at 880-81, nor does it vest a subsequent property owner with a cause of action in tort. Rather, as the Texas Supreme Court clarified in *Schneider*, the issue is whether the "activity [is] of such a character and existing under such circumstances that it will be presumed to continue indefinitely. . . . [A trespass] is permanent if it is 'constant and continuous' and if 'injury constantly and regularly recurs.'" *Schneider*, 147 S.W.3d at 271-72. Mr. Gates has raised no issue of material fact regarding the inconstancy or unpredictability of the alleged trespass. Nor have we found any Texas case supporting his argument. Mr. Gates's claim for rent arises out of the alleged trespass, which occurred before he acquired the property.

Because the Sprint cell-phone antenna constitutes a permanent trespass, the cause of action vested with the property's prior owner and Mr. Gates possesses no standing to bring the instant suit. We **AFFIRM.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-5-