# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00677-CV

## In re InduSoft, Inc.; Ernest T. Roland; and Marcia R. Gadbois

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

This original proceeding arises from litigation between relators InduSoft, Inc., Ernest T. Roland, and Marcia R. Gadbois (collectively InduSoft) and real parties in interest Marcos V. Taccolini and Tatsoft, LLC (collectively Taccolini). In response to Taccolini's Seventh Amended Petition, InduSoft filed a plea in abatement in the trial court, which the court denied. InduSoft then filed a petition for writ of mandamus in this Court, contending that the trial court abused its discretion in denying the plea because abatement was mandated by the Defamation Mitigation Act. *See* Tex. Civ. Prac. & Rem. Code § 73.062. Because we conclude that the Defamation Mitigation Act does not apply to the allegations in Taccolini's Seventh Amended Petition, we will deny InduSoft's petition for writ of mandamus.

### BACKGROUND

InduSoft is a software company co-founded by Roland and Taccolini. Roland's daughter Gadbois later joined InduSoft, and Roland, Gadbois, and Taccolini became equal owners. Taccolini's relationship with the two other partners soured, and litigation followed in several courts.

In February 2009, the parties signed a Settlement Agreement. Section 8 of the Settlement Agreement, entitled "Future Cooperation" and referred to by the parties as the "Cooperation Clause," includes the following provision:

> Both parties agree that they will engage in no conduct which is either intended to or could reasonably "be expected to harm the other's business pursuits" or the other's professional reputation; however legitimate competition within the terms specified in Section 12 herein is explicitly permitted and is not considered to "be expected to harm the other's business pursuits[."]

Taccolini later founded a new software company, Tatsoft. Tatsoft's main software product competed with InduSoft's product.

Taccolini filed this suit against InduSoft in June 2014,[1] alleging, among other things, that InduSoft violated the Cooperation Clause by engaging "in a pattern of harassment, defamation, and business disparagement aimed at Taccolini and Tatsoft." In addition to a breach-of-contract claim, Taccolini also asserted causes of action for business disparagement, defamation, and tortious interference. In his Third Amended Petition, Taccolini nonsuited his claims for business disparagement, defamation, and tortious interference, but he continued to allege that InduSoft breached the Settlement Agreement's Cooperation Clause. In his Seventh Amended Petition, Taccolini brought a breach-of-contract claim against all defendants, a tortious-interference-with-contract claim against Schneider Electric and Invensys, a conspiracy claim against all defendants, and a fraud and fraudulent-inducement claim against InduSoft.

---

[1] Taccolini also sued Invensys Systems, Inc. and Schneider Electric Holdings, Inc. According to the Seventh Amended Petition, Invensys acquired InduSoft in September 2013, and Schneider Electric acquired Invensys in January 2014. Invensys and Schneider Electric did not join InduSoft's plea in abatement and are not relators in this original proceeding.

2

After Taccolini filed the Seventh Amended Petition, InduSoft filed its plea in abatement. In its plea, InduSoft contended that Taccolini's Seventh Amended Petition added "new disparagement allegations to the case." According to InduSoft, these new allegations are subject to Texas's Defamation Mitigation Act (the Act). *See generally* Tex. Civ. Prac. & Rem. Code §§ 73.051–.062. The Act "applies to a claim for relief, however characterized, from damages arising out of harm to personal reputation caused by the false content of a publication." *Id.* § 73.054(a). Moreover, the Act applies not only to written publications, but also to oral ones. *Id.* § 73.054(b). However, the Act applies "only to information published on or after the effective date of th[e] Act," which was June 14, 2013. *See* Act of May 22, 2013, 83d Leg., R.S., ch. 950, § 3, 2013 Tex. Gen. Laws 2344, 2347.

Under the Act, "[a] person may maintain an action for defamation only if: (1) the person has made a timely and sufficient request for a correction, clarification, or retraction from the defendant; or (2) the defendant has made a correction, clarification, or retraction." Tex. Civ. Prac. & Rem. Code § 73.055(a). In addition, "[i]f not later than the 90th day after receiving knowledge of the publication, the person does not request a correction, clarification, or retraction, the person may not recover exemplary damages." *Id.* § 73.055(c). Finally, the statute provides that "[a] person against whom a suit is pending who does not receive a written request for a correction, clarification, or retraction, as required by Section 73.055, may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending." *Id.* § 73.062(a).

Taccolini responded that the Act does not apply to breach-of-contract claims but only to tort claims. Taccolini also argued that InduSoft's plea in abatement was untimely. According to Taccolini, to the extent that the Act applies to his claims, the Third Amended Petition "triggered"

3

the Act's "30-day requirement," and, because InduSoft did not file a plea in abatement within 30 days of its answer to the Third Amended Petition, InduSoft waived its right to abatement. *See id.*

The trial court denied InduSoft's plea in abatement, and this original proceeding followed.[2]

## DISCUSSION

The trial court did not abuse its discretion in denying InduSoft's plea in abatement based on the Act unless the Act applies to claims asserted in Taccolini's Seventh Amended Petition.[3] In its petition for writ of mandamus, InduSoft states, "Plaintiffs' Seventh Amended Petition . . . alleged for the first time that the InduSoft Relators made disparaging statements about Taccolini and Tatsoft after June 14, 2013, the effective date of the [Act] . . . ." According to InduSoft's mandamus petition, these allegations were contained in Paragraphs 94 and 95 of the Seventh Amended Petition:

---

[2] After InduSoft filed its mandamus petition, Taccolini filed an Eighth Amended Petition. Taccolini argues that this amended petition moots this proceeding because InduSoft's mandamus petition related solely to his Seventh Amended Petition, which has been superseded by the more recent Eighth Amended Petition. We disagree. The Eighth Amended Petition contains, in relevant part, the same allegations as the Seventh Amended Petition, so there is still a live controversy between the parties. *See Gates v. Texas Dep't of Family & Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888, at *5 (Tex. App.—Austin June 23, 2016, pet. denied) (mem. op.) ("'The mootness doctrine dictates that courts avoid rendering advisory opinions by only deciding cases that present a "live" controversy at the time of the decision.'") (quoting *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 846 (Tex. App.—Austin 2002, pet. denied)); *In re Premcor Ref. Grp., Inc.*, 262 S.W.3d 475, 479 (Tex. App.—Beaumont 2008, orig. proceeding) (per curiam) (holding that mandamus proceeding was not mooted by filing of amended petition).

[3] Taccolini argues, as a matter of first impression, that the Act does not apply to the breach-of-contract claim he asserts against InduSoft because the Act applies only to tort claims. For the purposes of our analysis, we will assume, without deciding, that it is possible for contract clauses to meet the requirements of section 73.054(a) of the Act and therefore be covered by the Act. We will also assume, without deciding, that InduSoft did not waive its opportunity to file a plea in abatement by failing to file its plea within 30 days of its answer to the Third Amended Petition.

4

94. After InduSoft/Invensys was acquired by Schneider Electric, Defendants contacted third-party companies and potential customers, including Dynics, and told these companies not to do business with Tatsoft or Taccolini. Defendants' communications indicated that they were with Schneider Electric. Defendants further told Dynics to work with "anyone else" but Plaintiffs and attempted to interfere with Dynics' contract with Tatsoft.

95. Defendants further informed third-party companies and potential customers about this lawsuit and told them that Schneider Electric was now a named party and would pursue any companies that conducted business with Plaintiffs.

Taccolini contends that these paragraphs do not allege "defamation" and "the Act is not triggered by these paragraphs." Taccolini argues that "a statement cannot be actionable as defamation unless it includes an assertion of fact that can objectively be proven true or false," and "the two paragraphs at issue allege conduct that harmed Tatsoft's business that is no way a 'statement' for defamation purposes." According to Taccolini, "[t]elling someone to do or not do something is not an expression of fact, but a command or suggestion. Suggestions are subjective assertions, which are not actionable as defamation."

The Act specifies that it "applies to a claim for relief, however characterized, from damages arising out of harm to personal reputation caused by the false content of a publication." Tex. Civ. Prac. & Rem. Code § 73.054(a). Paragraph 94 of the Seventh Amended Petition does not support a claim for relief "arising out of harm to personal reputation caused by the false content of a publication" because it does not allege that InduSoft published false information. Instead, Paragraph 94 merely alleges that InduSoft told other companies not to do business with Taccolini. Such conduct does not meet the statutory requirements of section 73.054(a). Likewise, Paragraph 95 does not allege that InduSoft published false information that harmed Taccolini's personal reputation.

5

It merely alleges that InduSoft informed other companies about its litigation with Taccolini, which undisputedly existed at the time, and threatened to "pursue" companies that did business with Taccolini. Because neither Paragraph 94 nor 95 alleges that InduSoft issued a publication containing false content that harmed Taccolini's personal reputation, the Act does not apply to these allegations.

In its plea in abatement, InduSoft also argued that Paragraph 104 demonstrated that Taccolini added "new disparagement allegations" to the "breach-of-the-Cooperation-Clause claim" in the Seventh Amended Petition. Paragraph 104 includes the following allegations:

> After the lnduSoft/Invensys acquisition in 2014, Defendants contacted third-party customers of Plaintiffs, indicating that they were Schneider Electric, and told these companies not to do business with Plaintiffs, making disparaging statements about Plaintiffs in breach of Section 8 of the Settlement Agreement. Plaintiff was injured as a result of InduSoft's conduct.

Like Paragraphs 94 and 95, Paragraph 104 does not support a claim for relief arising out of harm to personal reputation caused by the false content of a publication. The paragraph alleges that "Defendants" told other companies not to do business with Taccolini, but such threats or commands are not false information that harmed Taccolini's reputation. Paragraph 104 also alleges that InduSoft made "disparaging statements" about Taccolini, but it does not specify what those disparaging statements were. The paragraph does not indicate that the alleged disparaging statements were false or that they harmed Taccolini's personal reputation.[4] Therefore, Paragraph 104 does not subject Taccolini to the Act.

---

[4] We note that "disparaging" has no technical definition in this breach-of-contract context. *See Shannon v. Memorial Drive Presbyterian Church U.S.*, 476 S.W.3d 612, 623 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). Therefore, we will not infer that the "disparaging statements" alleged in Paragraph 104 were false or that they harmed Taccolini's personal reputation.

At oral argument, InduSoft argued that Paragraphs 109, 110, and 114 of the Seventh Amended Petition are subject to the Act. Paragraphs 109 and 110 appear under the heading "Tortious Interference with Contract (Against the Schneider Electric Defendants)":

> 109. To the extent that Schneider Electric is "a stranger to the contract," it tortuously [sic] interfered with the 2009 Settlement Agreement between Plaintiffs and the InduSoft Defendants by allowing its agents or representatives to contact third party clients and instruct those parties not to do business with Plaintiffs based on false allegations of alleged misappropriation or false statements regarding Plaintiffs' products and services.

> 110. Schneider Electric willfully and intentionally interfered with the 2009 Settlement Agreement through its agents or employees, who contacted third party customers of Plaintiffs, indicated they were with Schneider Electric, and breached Section 8 of the Settlement Agreement by disparaging Plaintiffs and telling companies not to do business with Plaintiffs based on false accusations regarding Plaintiffs' products and services and the origin or source of Plaintiffs' software and technology. Schneider Electric's interference proximately caused injury to Plaintiffs, who have incurred actual damages or losses.

However, the Seventh Amended Petition expressly limits these allegations to Schneider Electric, an organization that did not join InduSoft's plea in abatement and is not a party to this mandamus proceeding. These paragraphs do not allege that *InduSoft* made false statements that harmed Taccolini's personal reputation. These allegations apply to a tort claim against Schneider Electric, not to the breach-of-contract claim against InduSoft. Finally, Paragraphs 109 and 110 do not allege harm to Taccolini's *personal* reputation. The allegations are that Schneider Electric made "false allegations" or "false statements" about Taccolini's "products and services," not about Taccolini himself or his company Tatsoft. For all these reasons, we conclude that Paragraphs 109 and 110 are not subject to the Act.

7

Finally, Paragraph 114 alleges the following:

> The Defendants are members of a combination of two or more persons including the InduSoft Defendants, Invensys, and Schneider Electric. The object of the combination is to accomplish an unlawful purpose, or a lawful purpose by unlawful means, including but not limited to acting in concert to breach the 2009 Settlement Agreement, instituting false and vexatious litigation in Brazil and the United States, and undertaking a scheme to unfairly prevent Taccolini from competing in the marketplace. Defendants have had a meeting of the object or course of action and at least one of the members, including but not limited to the InduSoft Defendants, have committed an unflawful, over[t] act to further the object or course of action. Taccolini has suffered injury as a proximate cause of Defendants' wrongful actions.

This paragraph, which appears under the heading "Conspiracy," does not allege that InduSoft made false statements that harmed Taccolini's personal reputation. Instead, Paragraph 114 alleges unlawful conduct—that the defendants conspired to "unfairly prevent Taccolini from competing in the marketplace." Such allegations fall outside the scope of the Act.

In summary, we have determined that the Act does not apply to any of the allegations in Taccolini's Seventh Amended Petition to which InduSoft has called our attention. Moreover, our own review of the Seventh Amended Petition has not revealed any other allegations within the Act's scope. Because the Seventh Amended Petition does not include any allegations to which the Act applies, we conclude that the record before us does not establish that the trial court abused its discretion in denying InduSoft's plea in abatement. Accordingly, InduSoft is not entitled to mandamus relief. *See In re Frank Kent Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding) ("Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal.").

**CONCLUSION**

We deny relators' petition for writ of mandamus.[5]  Tex. R. App. P. 52.8(a).

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Filed:   January 10, 2017

---

[5]  We dismiss as moot Taccolini's pending motions to strike certain documents from the mandamus record.  We also lift the stay of trial court proceedings ordered on October 17, 2016.