**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 7, 2005**

**TENTH CIRCUIT**

PHILIP C. BUTLER,

      Plaintiff-Appellant,

v.

No. 05-1230

SHAWN COMPTON,

(D.C. No. 04-B-2004(OES))
(D. Colo.)

      Defendant-Appellee.

---

**ORDER AND JUDGMENT** [*]

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Plaintiff Philip Butler, a pro se prisoner incarcerated in Colorado, appeals

the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed. R.

Civ. P. 12(b)(6) for failure to state a claim. We exercise jurisdiction pursuant to

28 U.S.C. § 1291 and reverse.

*I. Background*

When reviewing a dismissal pursuant to Rule 12(b)(6), we review the

plaintiff's complaint and view the facts asserted therein in the light most

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

favorable to the plaintiff. <u>Sutton v. Utah State Sch. for Deaf & Blind</u>, 173 F.3d 1226, 1236 (10th Cir. 1999). Those alleged facts include the following allegations:

In the early morning hours of July 25, 2003, Officer Shawn Compton of the Colorado Springs Police Department checked the registrations of the vehicles located in the parking lot of the Motel Dun Roven in an attempt to locate possible stolen vehicles. During the process, he discovered a red Ford Tempo which had been reported stolen. Officer M. Roy responded to the scene to assist Compton.

Compton surveyed the motel rooms located near the vehicle, two of which he discerned were unoccupied. He contacted the motel manager who informed him that Philip Butler rented Unit #4 and had been seen driving the red Ford Tempo. The manager described Butler as being a white male, and he told Compton that Butler was the only listed occupant of the room.

Compton and Roy knocked on the door to Unit #4. Someone inside asked, "Who is it?" ROA, Doc. 3 at 4. Compton replied that he was "maintenance" and that he was there to fix the sink. Butler contends that he then stated that he did not call maintenance. Compton knocked and sought admittance again. This time, Butler looked out the window, but was unable to discern who was there. He repeated his response and, using profanity, told Compton to go away. Compton again asked for permission to enter. Butler placed the security chain on the door and opened the door as far as the chain allowed, only to discover Officers

2

Compton and Roy on the other side. Butler attempted to close the door, but Compton forcibly entered the room[1] and arrested Butler.[2]

Compton searched the premises and located property connected to a recent burglary. Butler was charged with aggravated motor vehicle theft and two counts of burglary in the second degree. The prosecution dismissed the auto theft charge, but the record is not clear as to the disposition of the burglary counts. Butler, however, is a prisoner in the Huerfano County Correctional Center in Walsenburg, Colorado.

On July 29, 2004, Butler filed the present action against Compton alleging that the arrest violated his Fourth Amendment rights because Compton used deception to gain entry to his motel room and arrested him without a warrant. Butler contends that he did not consent to Compton's entry, and there were no exigent circumstances justifying his arrest without a warrant. Butler seeks compensatory and punitive damages.

Compton filed a motion to dismiss Butler's claim pursuant to Fed. R. Civ. P. 12(b)(6). The magistrate judge issued a recommendation for dismissal, finding that Compton had probable cause to make a warrantless arrest of Butler inside his

---

[1] According to Butler, Compton "[k]icked the door open." ROA, Doc. 3 at 3. Compton states: "Butler tried to slam the door in a violent manner as I stood in the doorway. I then blocked the door with my right arm and shoulder and entered the room and placed Butler in handcuffs for his safety and mine." ROA, Doc. 3 at 4.

[2] Judy Salazar, Butler's girlfriend, was also present in the room at the time.

3

motel room. The magistrate also found that "plaintiff has pointed to no authority or cases" to support his contention that Compton's use of deception was unlawful or that Butler's consent to entry was vitiated by the fact that Compton misrepresented his identity. Butler submitted written objections to the magistrate's recommendation, and Compton filed a response. After de novo review, the district court followed the magistrate's recommendation and dismissed Butler's complaint.

*II. Standard of Review*

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. <u>Swoboda v. Dubach</u>, 992 F.2d 286, 289 (10th Cir. 1993). Dismissal of a complaint is proper only where, after taking all factual allegations in plaintiff's complaint as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Because Butler is proceeding pro se, we also must construe his complaint liberally, holding him to a less stringent standard than formal pleadings drafted by lawyers. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). "This rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." <u>Id.</u>

4

*III. Discussion*

Butler contends the district court erred in dismissing his complaint and that he alleged sufficient facts to state a constitutional claim in accordance with Payton v. New York, 445 U.S. 573, 590 (1980). We agree. While we agree with the district court's conclusion that there was probable cause to arrest Butler without a warrant, Compton may have violated Butler's Fourth Amendment right when he forcibly entered Butler's dwelling. The Supreme Court has recognized that even with probable cause, police officers may not enter a dwelling to make an arrest absent consent or exigent circumstances. Payton, 445 U.S. at 590 ("[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant."). The fact that Butler was in a motel room does not change the analysis. See U.S. v. Wicks, 995 F.2d 964, 969 (10th Cir. 1993) ("A motel room may be considered a 'dwelling' for purposes of the validity of a warrantless arrest.") (citing Hoffa v. United States, 385 U.S. 293, 301 (1966); United States v. Owens, 782 F.2d 146, 149 (10th Cir. 1986)).

The district court focused entirely upon the lawfulness of the officer's use of deception in fighting crime. In doing so, the court ignored, in its entirety, Butler's contention that Compton violated his rights by crossing the threshold and forcibly entering Butler's motel room without his consent. The Supreme Court has long acknowledged the use of trickery or deception to be permissible in the

5

detection of crime.  <u>Lewis v. U.S.</u>, 385 U.S. 206, 208-09 (1966); <u>Sorrells v. United States</u>, 287 U.S. 435, 441-42 (1932) ("Artifice and stratagem may be employed to catch those engaged in criminal enterprises.").  Courts have, however, placed limits on law enforcement's use of deception.  <u>See</u> <u>Hoffa</u>, 385 U.S. at 301 (citation omitted) ("The Fourth Amendment can certainly be violated by guileful as well as by forcible intrusions into a constitutionally protected area."); <u>United States v. Johnson</u>, 626 F.2d 753, 757 (9th Cir. 1980), <u>aff'd on other grounds</u>, 457 U.S. 537 (1982) (holding that when officers deceive an individual to bring him or her to the door, the individual can be arrested only with probable cause and exigent circumstances).  In the present case, there is nothing in the record to indicate the existence of exigent circumstances that would justify a warrantless entry into Butler's motel room.[3]

---

[3] In analyzing whether exigent circumstances are present, this court has recognized that "there is no absolute test . . . because such a determination ultimately depends on the unique facts of each controversy." <u>U.S. v. Anderson</u>, 154 F.3d 1225, 1233 (10th Cir. 1998) (citation omitted).  We have, however, recognized certain general factors. <u>Id.</u>  For instance, where police fear the destruction of evidence, an exception to the warrant requirement exists, allowing police to enter the home of an unknown suspect, when it is:
> (1) pursuant to clear evidence of probable cause, (2) available only for serious crimes and in circumstances where the destruction of evidence is likely, (3) limited in scope to the minimum intrusion necessary to prevent the destruction of evidence, and (4) supported by clearly defined indications of exigency that are not subject to police manipulation or abuse.

<u>Id.</u> (citation omitted).  Threats to public safety can also constitute exigent circumstances which justify warrantless searches. <u>United States v. Rhiger</u>, 315

(continued...)

Additionally, the magistrate relied heavily upon the fact that Butler "voluntarily" opened his door. ROA, Doc. 28 at 5. In doing so, the magistrate reasoned that no Fourth Amendment violation occurred because Butler consented to Compton's entry. It is well settled that one exception to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (citation omitted). To be valid, however, the consent must be "unequivocally, specifically, and intelligently given." United States v. Worley, 193 F.3d 380, 386 (6th Cir. 1999). Moreover, the consent must be "uncontaminated by duress, coercion, or trickery." United States v. Jones, 641 F.2d 425, 429 (6th Cir. 1981). Here, Butler alleges in his complaint that he was deceived by the officer who then forcibly entered the motel room. Viewing the allegations contained in Butler's complaint in the light most favorable to him, Butler has alleged sufficient facts to overcome a motion to dismiss for failure to state a claim.

Moreover, the district court improperly dismissed Butler's complaint on the

---

[3](...continued)
F.3d 1283, 1288 (10th Cir. 2003) (citation omitted). In such cases, exigent circumstances are present if:

> (1) the deputies had reasonable grounds to believe that there is an immediate need to protect their lives or property, or the lives or property of others; (2) the search is not motivated by an intent to arrest and seize evidence; and (3) there is some reasonable basis, approaching probable cause, to associate an emergency with the area or place to be searched.

Id. (citation omitted).

7

basis that he "presented no cases or authority that stand as support for the claim that he makes in his Complaint, that is, that Officer Compton's use of deception to gain access to plaintiff was, in itself, unlawful." ROA, Doc. 28 at 5-6. As a pro se plaintiff, we must liberally construe Butler's pleadings. See Hall, 935 F.2d at 1110. His failure to cite proper legal authority and his inability to articulate his arguments with the precision and clarity of legal counsel cannot be held against him. See id.

Based on the foregoing, Butler has set forth a cognizable claim that Compton violated his Fourth Amendment right to be free from unreasonable seizures. In remanding the case, however, the district court should consider whether the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994) is a bar to Butler's further pursuit of this action. A prisoner cannot use § 1983 to obtain relief where success would necessarily demonstrate the invalidity of confinement or its duration. Id. at 486-87.[4] The record before us is not clear as

---

[4]In Heck, the Supreme Court explained:
[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

8

to the disposition of the two counts of burglary filed against Butler which arose out of the search of his motel room. Under 28 U.S.C. § 1915(e)(2), a court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted. Accordingly, on remand, the district court should first determine whether Heck bars Butler's claim. If Heck applies, the dismissal of Butler's claim would be a dismissal without prejudice.

*IV. Conclusion*

We REVERSE the district court's dismissal of this §1983 action and REMAND the matter for additional proceedings consistent with this order and judgment. We also GRANT Butler's motion to proceed without prepayment of the appellate filing fee and remind him of his continued obligation to make partial payments toward the filing fee until it is paid in full.

Entered for the Court

Mary Beck Briscoe
Circuit Judge