**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILIP C. BUTLER,

      Plaintiff-Appellant,

v.

SHAWN COMPTON,

      Defendant-Appellee.

No. 06-1274

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 04-cv-2004-LTB-OES)**

Submitted on the briefs:[*]

Philip C. Butler, Plaintiff-Appellant, Pro se.

Patricia K. Kelly, City Attorney, Lori Miskel, Senior Attorney, Office of the City Attorney, Colorado Springs, Colorado for Defendant-Appellee.

Before **LUCERO**, **BRORBY**, and **McCONNELL**, Circuit Judges.

**BRORBY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Philip C. Butler, proceeding pro se, appeals from the district court's decision granting summary judgment in favor of defendant Shawn Compton and denying Mr. Butler's motion to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

## I. Background

On October 7, 2004, Mr. Butler filed an amended complaint under 42 U.S.C. § 1983 alleging that Officer Compton, a Colorado Springs Police Officer, violated his Fourth Amendment rights by using deception to gain entry into his motel room and arresting him without a warrant. The specific factual allegations are described in this court's earlier decision in *Butler v. Compton*, 158 F. App'x 108, 109 (10th Cir. 2005) (unpublished).

Officer Compton filed a motion to dismiss for failure to state a claim, arguing that it was permissible to use deception to enter the room and that he was authorized to arrest Mr. Butler. The motion was granted by the district court and the complaint was dismissed. Mr. Butler appealed the decision. This court concluded that Mr. Butler "set forth a cognizable claim that Compton violated his Fourth Amendment right to be free from unreasonable seizures." *Id.* at 111. We remanded the case for further proceedings, instructing the district court to "consider whether the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) is a bar to Butler's further pursuit

of this action" because the record was "not clear as to the disposition of the two counts of burglary filed against Butler which arose out of the search of his motel room."  158 F. App'x at 111-12.

On remand, Officer Compton moved for summary judgment, arguing that *Heck* barred Mr. Butler's claims because he pled guilty to three counts of burglary and those guilty pleas arose from the same incident as Mr. Butler's § 1983 action. In response, Mr. Butler explained that the burglary charges that he pled guilty to were unrelated to the incident with Officer Compton and that the charges related to that incident had been dismissed.  Officer Compton admitted in his reply brief that Mr. Butler had not in fact pled guilty to the charges that were related to his arrest of Mr. Butler.  He asserted, however, that those charges were dismissed as part of a plea agreement that included the guilty pleas on the other unrelated charges.  As a result, he argued that *Heck* would still bar Mr. Butler's claim because a successful challenge related to the charges that were dismissed would invalidate the plea agreement and Mr. Butler's conviction on the other charges. The district court agreed with Officer Compton's position and granted summary judgment in his favor.  This appeal followed.

## II.  Discussion

We review de novo the district court's summary judgment decision, applying the same standard as the district court.  *Simms v. Okla. ex. rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

To be entitled to summary judgment, Officer Compton must show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

This case does not involve any disputed issues of fact. The dispute between the parties involves a question of law: whether *Heck* applies to bar Mr. Butler's § 1983 action. As we explain below, we conclude that the district court erred in applying *Heck* to this case.

The Applicability of *Heck*

In *Heck*, the plaintiff was convicted of manslaughter and was serving his sentence for that crime when he filed a § 1983 action. In his complaint, he alleged that defendants "had engaged in an unlawful, unreasonable, and arbitrary investigation leading to petitioner's arrest; knowingly destroyed evidence which was exculpatory in nature and could have proved [his] innocence; and caused an illegal and unlawful voice identification procedure to be used at petitioner's trial." *Heck*, 512 U.S. at 479 (quotations omitted). The complaint sought relief in the form of compensatory and punitive damages. The plaintiff did not seek release from custody. The district court dismissed the action because it "directly implicate[d] the legality of [plaintiff's] confinement." *Id.* (quotation omitted). The Seventh Circuit affirmed the dismissal, holding:

> If, regardless of the relief sought, the plaintiff [in a federal civil rights action] is challenging the legality of his conviction, so that if he won his case the state would be obliged to release him even if he

-4-

hadn't sought that relief, the suit is classified as an application for habeas corpus and the plaintiff must exhaust his state remedies, on pain of dismissal if he fails to do so.

*Id.* at 479-80 (quotation and footnote omitted).

The Supreme Court granted the plaintiff's petition for certiorari and affirmed. The Court began by explaining that both § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254, "provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation" because exhaustion of state remedies is not required for a § 1983 action, but exhaustion is required in order to seek habeas relief. *Heck*, 512 U.S. 477, 480-81. The Court went on to hold that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted).

The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions. *See Muhammad v. Close*, 540 U.S. 749, 751-52 (2004) (per curiam). The starting point for the application of *Heck* then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action. In other words, a § 1983 action implicates *Heck* only as it relates to the conviction that it would be directly invalidating. There is no such conviction here.

<u>The District Court's Expansion of *Heck*</u>

Although Mr. Butler was not convicted of the burglary charges arising out of Officer Compton's arrest, he was convicted of three other unrelated burglary charges after he pled guilty to those charges. He pled guilty to these unrelated burglary charges as part of the same plea agreement in which the burglary charges arising out of Officer Compton's arrest were dismissed. In this § 1983 action, he does not challenge any conduct relating to his conviction on the three burglary charges to which he pled guilty. His sole challenge is to the constitutionality of Officer Compton's conduct during his arrest for the burglary charges that were dismissed.

Recognizing that this was an issue of first impression, the district court concluded that it was appropriate to use Mr. Butler's conviction on the unrelated burglary charges as the basis for applying *Heck* to Mr. Butler's case. The district

court reached this conclusion by deciding that, if successful, Mr. Butler's § 1983 action would necessarily call into question the validity of his other unrelated burglary conviction because it was a part of the same plea agreement as the related burglary charges that were dismissed. The district court explained:

> Application of principles of contract law reveal that Plaintiff's attempt to recover damages in this case necessarily implies the invalidity of his conviction under the plea agreement, even though the charges under which the Plaintiff seeks damages were dismissed. *Cf.* Heck, 512 U.S. at 487 ("[i]f the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of *any outstanding criminal judgment* against the plaintiff, the action should be allowed to proceed.") (emphasis added).

R., Doc. 91 at 8. The district court's reliance on this passage from *Heck* is misplaced. Taken out of context, this quote appears to demonstrate that *Heck* may be used for *any* conviction regardless of its relationship to the conduct alleged in the § 1983 action. But viewed in the context of the full passage, which we set forth above, it is apparent that the conviction to which the Court was referring is the one actually related to the conduct alleged in the § 1983 action.

In its more recent decision in *Muhammad*, the Court focused more closely on the necessary impact a § 1983 action must have on the underlying conviction or sentence in order for *Heck* to apply. After the plaintiff in *Muhammad* was convicted of a prison disciplinary charge, he filed a § 1983 action seeking compensatory and punitive damages for injuries sustained during his mandatory

-7-

prehearing detention. *See* 540 U.S. at 753. His § 1983 action did not challenge

the underlying disciplinary conviction. As the Court explained:

> *Heck's* requirement to resort to state litigation and federal habeas
> before § 1983 is not, however, implicated by a prisoner's challenge
> that threatens no consequence for his conviction or the duration of
> his sentence. There is no need to preserve the habeas exhaustion rule
> and no impediment under *Heck* in such a case, of which this is an
> example.

*Muhammad*, 540 U.S. at 751-52 (footnote omitted).

Mr. Butler's § 1983 action seeks compensatory and punitive damages based

on conduct that occurred during an arrest by Officer Compton that resulted in two

burglary charges. Mr. Butler was not convicted on those charges because they

were dismissed as part of a plea agreement. There is no related underlying

conviction therefore that could be invalidated by Mr. Butler's § 1983 action.

Moreover, the purpose behind *Heck* is not implicated here because there is no

attempt by Mr. Butler to avoid the pleading requirements of habeas. He cannot

bring a habeas action because he has no conviction to challenge. Mr. Butler's

conviction on unrelated charges may not form the basis for the application of

*Heck* where there is no challenge to that conviction in Mr. Butler's § 1983 action.

### III. Conclusion

The district court erred in applying *Heck* to bar Mr. Butler's § 1983 action.

Accordingly, the district court's denial of Mr. Butler's motion to file an amended

complaint on the basis that it would be futile also was in error. The judgment of

the district court is REVERSED and REMANDED for further proceedings

consistent with this opinion.