FILED
United States Court of Appeals
Tenth Circuit

September 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JERALD SHOUSE,

      Plaintiff-Appellant,

v.

ROBERT PRICE, Tonkawa City
Police Officer; BILL GROCE,
Kay County Deputy Sheriff; DANA
WILSON, Ponca City Police Officer;
LEWAIN LEARNED, Kay County
Deputy Sheriff,

      Defendants-Appellees.

No. 08-6040
(D.C. No. 5:05-CV-00831-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

Defendants-appellees in this case were part of a group of law enforcement

officers that arrested plaintiff-appellant Jerald Shouse in 2003 at his common-law

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

wife's house.  Mr. Shouse was convicted for trafficking methamphetamine and eventually filed a 42 U.S.C. § 1983 civil rights complaint asserting that the defendants violated his constitutional rights during his arrest.  The district court granted summary judgment to the defendants-appellees and also denied a motion filed by Mr. Shouse seeking sanctions against Mr. Price's attorney.  Mr. Shouse now appeals those decisions.

Mr. Shouse first claimed the defendants' entry into his wife's house and his subsequent arrest constituted an unlawful search and seizure.  The magistrate judge recommended that summary judgment be granted, determining that the issue had been addressed in state court and Mr. Shouse was therefore barred from relitigating it in federal court by the fair faith and credit statute, 28 U.S.C. § 1738.

Mr. Shouse next claimed the defendants used excessive force in arresting him.  The magistrate judge recommended summary judgment because Mr. Shouse had not presented evidence showing that the defendants were the officers who had committed the complained-of actions, noting that Mr. Shouse's own filings seemed to show the defendants had not committed those actions.

Finally, Mr. Shouse claimed that his arrest and the removal of his four-year-old son from the home constituted intentional infliction of emotional distress in violation of state law and the Fourth, Eighth, and Fourteenth Amendments.  The magistrate judge determined (1) the Eighth Amendment was

inapplicable because he had not yet been convicted or incarcerated at the time of the complained-of actions, (2) the Fourteenth Amendment's right to familial association was not violated because—even if Mr. Shouse could show that one of the defendants was responsible for removing his son from the home—there was no question removal was in the child's best-interests, and (3) the Fourth Amendment was not violated in regard to the entry and force used to effectuate his arrest for the reasons set forth in response to the first two claims. The magistrate judge also recommended the district court decline to exercise supplemental jurisdiction over Mr. Shouse's state law claim and deny as deficient his sanction motion.

The district court adopted the magistrate judge's report and recommendation, entered judgment for defendants on Mr. Shouse's federal claims, dismissed his state claim without prejudice, and denied his sanction motion.

We have jurisdiction over Mr. Shouse's appeal under 28 U.S.C. § 1291. "We review de novo the district court's summary judgment decision, applying the same standard as the district court." *Butler v. Compton*, 482 F.3d 1277, 1278 (10th Cir. 2007). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we must determine if the substantive law was correctly applied by the district court.

*Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1124-25 (10th Cir. 2000) (quotation marks and citation omitted). As to the denial of a motion for sanctions, we review the district court's decision for abuse of its discretion. *Gust v. Jones*, 162 F.3d 587, 598 (10th Cir. 1998). "A court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment." *Bradford v. Wiggins*, 516 F.3d 1189, 1194 (10th Cir. 2008) (quotation marks omitted).

Having carefully reviewed the briefs and the record on appeal with these standards in mind, we AFFIRM the district court's grant of summary judgment and denial of Mr. Shouse's sanction motion for the reasons offered by the magistrate judge in his report and recommendation, as adopted by the district court in its February 8, 2008, order. Further, because we agree with the district court that this appeal lacks a good faith basis, we DENY Mr. Shouse's request to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3). Mr. Shouse is responsible for the immediate payment of the balance of the appellate filing fee.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-