**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD A. NICHOLS,

        Plaintiff-Appellant,

v.

MARK BAER, COLIN
WINCHESTER, and BRYCE GREER,

        Defendants-Appellees.

No. 08-4158

(D. of Utah)

(D.C. No. 08-CV-89-DAK)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON,** and **TYMKOVICH**, Circuit Judges.[**]

Richard A. Nichols, appearing pro se, appeals the district court's dismissal of his § 1983 suit against Utah state officials Mark Baer, Colin Winchester, and Bryce Greer alleging that these defendants violated his constitutional rights. Taking jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

The parties are familiar with the facts and procedural history, so we provide only the highlights. In 2002, after a three-day bench trial, Nichols was convicted of five felony counts of communication fraud and one count of racketeering relating to his conduct while employed at a used-car dealership. *See Utah v. Nichols*, 76 P.3d 1173, 1175 (Utah App. 2003). He was sentenced to 365 days in jail and required to pay $42,400 in restitution. His probation conditions included the timely payment of restitution.

The Utah Court of Appeals affirmed Nichols's convictions. *Nichols*, 76 P.3d at 1182. On December 10, 2003, the Utah Supreme Court denied certiorari. *See Utah v. Nichols*, 84 P.3d 239 (Utah 2003).

Subsequently, Nichols failed to appear at a review hearing regarding his progress towards making restitution, and the state court issued an arrest warrant on December 23, 2003. On May 23, 2007, Nichols was arrested pursuant to the 2003 warrant, but he claimed to have medical problems and was not booked into jail. He was instead taken to a hospital and released. On May 29, 2007, Assistant Utah Attorney General Baer requested an order to show cause hearing in state court. The hearing was scheduled for June 4, 2007, but Nichols failed to appear, and instead filed a request for continuance. The court denied the request and issued a new arrest warrant. On June 6, 2007, Nichols filed a motion to dismiss the order.

Throughout June 2007, Nichols filed numerous documents in state court, culminating in a Notice of Removal to federal district court. The federal district court, however, remanded the case back to state court. The federal district court informed Nichols that the case was closed and no further filings would be accepted; the court also indicated that if Nichols wished to bring a civil action he must initiate a new action by filing and serving a complaint.

Then, on February 4, 2008, Nichols filed a verified complaint alleging a violation of his constitutional rights by his convictions in state court and by attempts to enforce the restitution order issued as part of his sentence. This verified complaint is at issue in this appeal.

In it, Nichols cited the 14th Amendment and the Utah constitution as the bases for his claims. He sought a declaration that the defendants violated his constitutional rights by prosecuting him, and sought an order enjoining the defendants from additional legal proceedings relating to his state court criminal case.

The district court dismissed the case, finding that the case was time-barred, and that the *Rooker-Feldman* and *Younger* abstention doctrines applied, as did *Heck v. Humphrey*, 512 U.S. 477 (1994). The district court also found that the defendants would be entitled to absolute prosecutorial or qualified immunity.

## Analysis

Although we construe Nichols's pro se filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we affirm the dismissal of Nichols's claims. While the vast majority of his claims are time-barred, his entire case in barred under the teaching of *Heck v. Humphrey*, 512 U.S. at 486–87.

In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings. *Id.* The purpose behind *Heck* is "to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* was clear that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Nichols's complaint alleges civil rights violations based on his 2002 criminal convictions and the state's attempts to enforce the restitution order issued as part of the sentence. Nichols's complaint—including his allegations concerning the 2007 warrants for his arrest based on his failure to comply with the restitution order—challenges his underlying convictions and sentence. He contends that the original court order was illegal, and that he had no legal

-4-

obligation to pay restitution. As we interpret his assertions, Nichols is in essence arguing that the trial court improperly ordered restitution. Based on this argument, he contends that officials have falsely arrested him and engaged in a scheme to defraud him in their efforts to ensure he pays this court-ordered restitution.

This argument attacks Nichols's underlying convictions and sentence. *Heck* mandates that when a litigant seeks damages in a § 1983 suit, the district court must consider whether a judgment in his favor would necessarily imply the invalidity of his conviction or sentence. 512 U.S. at 487. Here, it would. If a court were to find that Nichols did not owe restitution—that the restitution order was improper—that finding would imply the invalidity of Nichols's conviction or sentence. Thus, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Nichols cannot make such a showing, as Utah courts have affirmed his convictions. *See Nichols*, 76 P.3d at 1182. The district court therefore properly dismissed Nichols's complaint.

## Conclusion

For the foregoing reasons, we AFFIRM the dismissal of Nichols's verified complaint. We also DENY his requests to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge