**UNITED STATES COURT OF APPEALS**      **April 23, 2009**

**FOR THE TENTH CIRCUIT**

KENNETH M. SUTTON,

          Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; WASHINGTON STATE
DEPT. OF CORRECTIONS;
WARDEN CROUSE; ASST.
WARDEN ROGERS - S.O.R.T. Team
Leader; HAROLD CLARK, Secretary
Washington Dept. of Corrections;
JAMES THATCHER, Superintendent
Out of State (OSS) Prison Facilities
(WDOC),

          Defendants-Appellees.

No. 08-1279
(D.C. No. 1:06-CV-1606-DME-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kenneth M. Sutton brought this civil rights action under 42 U.S.C. § 1983 to vindicate alleged constitutional violations stemming from a prison riot. He claimed that members of his prison's Special Operations Response Team (SORT) subjected him to cruel and unusual punishment and acted with deliberate indifference during the riot, and that he was denied due process when he was subsequently placed in administrative segregation without proper notice. Defendants moved for summary judgment, and the magistrate judge recommended that the motion be granted. Over Mr. Sutton's objections, the district court agreed. Mr. Sutton appealed, and we now affirm.

Our jurisdiction arises under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, "applying the same standard as the district court." *Butler v. Compton*, 482 F.3d 1277, 1278 (10th Cir. 2007). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a grant of summary judgment, we view the facts and the reasonable inferences therefrom in the light most favorable to the non-moving party. *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1124-25 (10th Cir. 2000). We are also mindful that Mr. Sutton's pro se status entitles him to a liberal reading of his pleadings; we will not, however, serve as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Sutton is a Washington State inmate. At the time of the riot, he was incarcerated in Colorado at the Crowley County Correctional Facility (CCCF), a privately-run prison operated by Corrections Corporation of America (CCA). Mr. Sutton pursued a theory of liability against the individual defendants under the doctrine of respondeat superior, alleging that Defendants Crouse and Rogers, respectively CCCF's warden and assistant warden, were liable as the SORT supervisors. He alleged that Defendant Clark was liable as the Secretary of the Washington State Department of Corrections (WDOC), because he contracted with CCA to transfer Washington inmates to out-of-state facilities. Mr. Sutton also alleged that Defendant Thatcher was culpable by virtue of his role as Superintendent of WDOC's out-of-state facilities. In addition to these individual defendants, Mr. Sutton also named WDOC and CCA.

In adopting the magistrate judge's report and recommendation, the district court first recognized that sovereign immunity barred all claims against WDOC, as well as Defendants Clark and Thatcher in their official capacities. The court next determined that summary judgment was proper for Defendants Crouse, Rogers, Clark, and Thatcher in their supervisory capacities, because liability by respondeat superior is not within the purview of § 1983, and Mr. Sutton failed to establish that they either personally participated in the alleged violations or were aware of circumstances that would trigger those violations. Finally, the court found that summary judgment for CCA was appropriate because Mr. Sutton failed

to identify any official custom, policy, or practice related to the riot or his administrative segregation.

We have reviewed the parties' briefs, the record on appeal, and the relevant legal authority, and we agree with the magistrate judge's detailed and well-reasoned report and recommendation. The magistrate judge thoroughly and accurately analyzed each of Mr. Sutton's claims, and we see no reason to repeat that analysis here. Therefore, we AFFIRM the district court for substantially the same reasons as set forth by the magistrate judge in her report and recommendation dated May 28, 2008, which the district court adopted in its order dated July 17, 2008. Mr. Sutton's motion to proceed in forma pauperis is GRANTED, and he is reminded of his continuing obligation to make partial payments towards his filing fee.[1]

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[1] During the pendency of this appeal, Mr. Sutton submitted to the court six prisoner affidavits, including his own, attesting to his condition during and after the riot. Mr. Sutton's affidavit was not before the district court and thus will not be considered on appeal. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992) (refusing to consider evidence not before the district court). The remaining affidavits are already included in the record, *see Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 907 (10th Cir. 2009) (explaining that "[t]he record on appeal comprises all of the original papers and exhibits filed in the district court") (quotation omitted) and do not impact our disposition.