**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEAN CARBAJAL,

        Plaintiff–Appellant,

v.

DAN W. HOTSENPILLER, District
Attorney of the Seventh Judicial District,
in his individual and official capacity;
SEITH RYAN, Deputy District Attorney
of the Seventh Judicial District, in his
individual and official capacity; WYATT
ANGELO, Former District Attorney of
the Seventh Judicial District, in his
individual capacity; MYRL SERRA,
Former Deputy District Attorney and
Former District Attorney of the Seventh
Judicial District, in his individual
capacity; SEVENTH JUDICIAL
DISTRICT, a political subdivision of the
State of Colorado; JEFF HERRON, a
private co-conspirator, in his individual
capacity; CLINT THOMASON, an agent
for the Colorado Bureau of Investigation,
in his individual and official capacity;
ROGER CROSS, Police Officer for the
Montrose Police Department, in his
individual capacity; OFFICER BROWN,
Police Officer for the Montrose Police
Department, in his individual capacity;
CITY OF MONTROSE, a Municipality of
the State of Colorado; PATRICK
SAYAS, Assistant Attorney General for
the State of Colorado, in his individual
and official capacity; TERRY
RUCKRIEGLE, District Court Judge for

No. 12-1379
(D.C. No. 1:12-CV-02007-LTB)
(D. Colo.)

the Seventh Judicial District, in his individual and official capacity; BOARD OF COUNTY COMMISSIONERS OF MONTROSE COUNTY, a political subdivision of the State of Colorado; MONTROSE COUNTY, a county of the State of Colorado,

Defendants–Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Dean Carbajal, a Colorado state prisoner proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

According to Carbajal's complaint, he was arrested in 2000 when an officer discovered a small bag of cocaine in Carbajal's vehicle. Carbajal claims that the search was conducted in violation of the Fourth Amendment, and that the cocaine did not belong to him. Nevertheless, Carbajal entered an Alford plea to possession of a controlled

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

substance and violation of bail bond conditions based on the stop.[1] He was sentenced to four years' imprisonment for these crimes. Based on a subsequent parole revocation, Carbajal was imprisoned for the two crimes until February 2007.

Carbajal claims that he "set out to investigate the propriety of his conviction[s]" in December 2010. He allegedly discovered that the cocaine seized in 2000 had been destroyed as a result of testing and that officers had made numerous false statements. As a result of these discoveries, Carbajal filed a motion under Colo. R. Crim. P. 35(c) in Delta County District Court. The motion was transferred to Montrose County District Court, where Carbajal alleges it has been ignored by the assigned judge.

Carbajal filed a § 1983 complaint in federal district court asserting five claims against numerous individuals involved in his state case. The district court held that three of the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), because success on those claims would imply the invalidity of his state convictions. It dismissed the remaining claims, all of which relate to Carbajal's Rule 35(c) motion, under Younger v. Harris, 401 U.S. 37 (1971). Carbajal now appeals.

**II**

We review de novo a district court's application of the Heck bar. See Butler v. Compton, 482 F.3d 1277, 1278 (10th Cir. 2007). We apply the same standard in

---

[1] Carbajal also entered Alford pleas to several other crimes, stemming from separate incidents, at this time. See People v. Carbajal, 198 P.3d 102, 104 (Colo. 2008). He received separate sentences for those crimes, which are not related to the present suit. See id.

reviewing a district court's decision to abstain under <u>Younger</u>. <u>Amanatullah v. Colorado Bd. of Med. Exam'rs</u>, 187 F.3d 1160, 1163 (10th Cir. 1999).

We agree with the district court that Carbajal's abuse of process, false imprisonment, and conspiracy claims are barred by <u>Heck</u>. All three claims rest on Carbajal's allegation that the charges for which he entered an Alford plea were false. Accordingly, success on these claims "would necessarily imply the invalidity of [his] conviction" and cannot proceed "until the conviction has been overturned." <u>Beck v. City of Muskogee Police Dep't</u>, 195 F.3d 553, 557, 558 n.3 (10th Cir. 1999) (quotations omitted). Carbajal's reliance on <u>Skinner v. Switzer</u>, 131 S. Ct. 1289 (2011), on appeal is thus misplaced. Unlike the DNA testing at issue in <u>Skinner</u>, success on Carbajal's claims would immediately and necessarily undermine his convictions. <u>See</u> <u>id.</u> at 1298.

We also reject Carbajal's assertion that <u>Heck</u> is inapplicable because he can no longer seek habeas relief, having been released from custody for the convictions at issue. A plaintiff's inability to obtain habeas relief lifts the <u>Heck</u> bar only if that "inability is not due to the petitioner's own lack of diligence." <u>Cohen v. Longshore</u>, 621 F.3d 1311, 1317 (10th Cir. 2010). Despite Carbajal's generalized allegations that he was prevented from discovering his claims because of defendants' fraud, the complaint is clear that Carbajal was aware of the claimed defects in the investigation that led to his convictions in 2000, but only set out to investigate in 2010. We agree with the district court that his actions evince a lack of diligence.

As to the district court's <u>Younger</u> determination, we agree that Carbajal's due process and retaliation claims require abstention. A district court must abstain under <u>Younger</u> when three conditions are met:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

<u>Taylor v. Jaquez</u>, 126 F.3d 1294, 1297 (10th Cir. 1997). Carbajal alleged that his Rule 35(c) motion was pending. He has not demonstrated that the state courts provide an inadequate forum; to the extent the trial court has failed to rule on his motion, Carbajal should have sought mandamus relief from the state courts rather than requesting federal court intervention. <u>See</u> <u>Turman v. Buckallew</u>, 784 P.2d 774, 777 (Colo. 1989) (en banc) (describing potential mandamus remedy for trial court inaction as to Rule 35(c) motion). And the State of Colorado possesses a strong interest in administering its criminal justice system. <u>See</u> <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986).

On appeal, Carbajal argues that <u>Younger</u> abstention was inappropriate because the defendants prosecuted him in bad faith. <u>See</u> <u>Phelps v. Hamilton</u>, 122 F.3d 885, 889 (10th Cir. 1997) ("[A] federal plaintiff may overcome the presumption of abstention in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . ." (quotation omitted)). These arguments relate to whether Carbajal's convictions were proper. However, the district court read Carbajal's due process and retaliation claims as relating to his Rule 35(c) proceeding. To the extent

these claims were intended to challenge Carbajal's underlying convictions, they too are barred by Heck.

**III**

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Carbajal's motion to proceed without prepayment of fees on appeal is **GRANTED**. Appellant is reminded of his obligation to continue making partial payments of the appeal fee until it is paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge