FILED
United States Court of Appeals
Tenth Circuit

June 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ROY DEAN TAYLOR,

    Plaintiff - Appellant,

v.

BRANDON RUSSELL; PAUL SCOTT,

    Defendants - Appellees.

No. 19-4001
(D.C. No. 2:16-CV-00961-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

In October 2014, Defendants Brandon Russell and Paul Scott, officers with the

Heber City Police Department, pulled Plaintiff Roy Taylor's car over and searched the

vehicle. Defendants found a glass pipe, a box of clear plastic bags, and a digital scale.

Defendants later discovered Plaintiff stashed a bag of methamphetamine in the police

car as they transported him to jail. A jury found Plaintiff guilty of two drug charges,

and Plaintiff went to Utah state prison. In September 2016, Plaintiff filed a pro se

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint against Defendants pursuant to 42 U.S.C. § 1983 in the District of Utah, arguing Defendants searched his vehicle in violation of the Fourth, Eighth, and Fourteenth Amendments. In response, the district court entered an order explaining Federal Rule of Civil Procedure Rule 8's requirements and *Heck v. Humphrey*'s holding that "a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." Doc. 7 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The court further explained, "*Heck* prevents litigants 'from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions.'" *Id.* at 3 (citing *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007)). The court then ordered Plaintiff to cure the complaint's deficiencies within thirty days.

Within thirty days, Plaintiff filed an amended complaint, making the same allegations that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when they pulled him over and searched his vehicle. The magistrate judge issued a report and recommendation, recommending the complaint be dismissed. The magistrate judge explained that "*Heck v. Humphrey* . . . clarified that 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" Doc. 22 at 5. The magistrate judge then stated, "Plaintiff's assertion that Defendants violated his constitutional rights would cast doubt upon Plaintiff's underlying conviction because the evidence discovered in the allegedly

2

unconstitutional search was the sole basis for Plaintiff's charges and eventual conviction." *Id.* at 6. The district court adopted the report and recommendation, stating the "action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), as it challenges the validity of [Plaintiff's] conviction while the conviction stands undisrupted by direct appeal or collateral challenge." Doc. 26, at 2. Plaintiff filed a timely notice of appeal.

Plaintiff's appellate brief is silent about the unconstitutional search of his vehicle. Instead, stating that the appellee is the "State of Utah," Plaintiff argues (1) doctors at the prison have been deliberately indifferent to his back pain and (2) the fact that his back pain has not been well-controlled constitutes cruel and unusual punishment. Plaintiff made similar arguments in a separate district court case, D.C. No. 2:15-cv-343. But these arguments were not made in Plaintiff's amended complaint in the instant case and, thus, were not ruled on by the district court. "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). Further, the named defendants in this case, Officers Brandon Russell and Paul Scott, have nothing to do with these medical care allegations. These issues are, therefore, not properly before this Court and we do not consider them. While Plaintiff does not argue that the district court erred in determining *Heck v. Humphrey* barred his unconstitutional search claims, we note the district court's analysis on this issue was correct.

3

The district court's order is AFFIRMED. Petitioner's motion to proceed *in forma pauperis* is GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge