**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

# UNITED STATES COURT OF APPEALS

# TENNTH CIRCUIT

MARTIN VASQUEZ ARROYO,

     Plaintiff-Appellant,

v.

CURTIS STARKS, Police Officer;
MARK FRAME, City Attorney,

     Defendants-Appellees.

_____

MARTIN VASQUEZ ARROYO,

     Plaintiff-Appellant,

v.

TAMMY GROSS, Police Officer;
MARK FRAME, City Attorney,

     Defendants-Appellees.

No. 08-3121

No. 08-3134

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. Nos. 5:07-CV-03298-SAC & 5:08-CV-03035-SAC)**

Jason M. Lynch of Reilly Pozner LLP, Denver, Colorado (Martin Vasquez, also
filed a pro se brief), for Plaintiff-Appellant.

Mark Frame, Edwards County Attorney, Kinsley, Kansas, for Defendants-
Appellees.

Before **BRISCOE**, **SEYMOUR**, and **LUCERO**, Circuit Judges.

**SEYMOUR**, Circuit Judge.

Martin Vasquez Arroyo, proceeding *in forma pauperis*, filed two *pro se* 42 U.S.C. § 1983 actions in the United States District Court for the District of Kansas. He alleged that in two separate incidents Kansas state authorities falsely arrested him and filed falsified pre-trial diversion agreements containing his forged signatures.[1] The district court dismissed the claims against the arresting officers without prejudice, holding that Mr. Vasquez's § 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In one of the actions, the district court alternatively held the claims barred by the relevant statute of limitations. We reverse.

**I.**

On December 6, 2007, Mr. Vasquez filed his first §1983 action. In his complaint, Mr. Vasquez asserted that in July 1998, Curtis Starks, a Kansas police

---

[1] In May 2005, following a jury trial, Mr. Vasquez was convicted on multiple counts, including three counts of first degree murder. The § 1983 claims before us do not stem from his 2005 convictions or the events leading up to them. Mr. Vasquez is currently an inmate at the Larned Mental Health Correctional Facility.

officer, falsely arrested him, gave him a ticket for driving under the influence and for transportation of an open container of alcohol, and falsely imprisoned him, and that on August 11, 1998, Mark Frame, the City Attorney in Kinsley, signed the ticket and forged Mr. Vasquez's signature on a pre-trial diversion agreement.

On January 28, 2008, Mr. Vasquez filed a second § 1983 complaint, this time against Tammy Gross, another Kansas police officer, and Mr. Frame. This complaint alleged that officer Gross falsely arrested and imprisoned him for disorderly conduct and battery in July 1998 and that Mr. Frame forged his signature on a pre-trial diversion agreement filed with the state court on August 27, 1998.[2]

The district court dismissed both complaints *sua sponte*, holding that "claims against defendant Frame are dismissed with prejudice due to his absolute prosecutorial immunity" and "plaintiff's remaining claims are barred by *Heck v. Humphrey* and are dismissed without prejudice." Case No. 08-3121, Rec., vol. I (hereinafter "Rec. I"), Court Order filed April 25, 2008 (hereinafter "Order I") at 7; Case No. 08-3134, Rec., vol. I (hereinafter "Rec. II"), Court Order filed April 25, 2008 (hereinafter Order II") at 6. In addition, the court alternatively held with respect to the complaint against Officer Gross that it was barred by the relevant statute of limitations. Mr. Vasquez appeals both judgments but only as

---

[2] Mr. Vasquez alleged that he learned about the diversion agreements when they were presented in court during his 2005 trial.

to the officers, not as to the city attorney.

This court appointed counsel to represent Mr. Vasquez and asked the parties to submit supplemental briefs addressing "[w]hether the *Heck v. Humphrey* bar applies to a Kansas pre-trial diversion agreement. Specifically, the parties should address the question whether *Heck v. Humphrey* applies when the plaintiff lacks an available remedy in habeas, in light of the circuit split on this issue." Order filed October 3, 2008. As it turns out, we need not reach this issue.

**II.**

The question presented to the Supreme Court in *Heck* was whether "a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." 512 U.S. at 478. All nine justices agreed that the issue required the Court to reconcile two acts of Congress, § 1983 and the federal habeas corpus statute: "[T]his case lies at the intersection of the two most fertile sources of federal-court prisoner litigation – the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983, and the federal habeas corpus statute, 28 U.S.C. § 2254." *Id.* at 480; *id.* at 491 (Souter, J., concurring in judgment); *id.* at 490 (Thomas, J., concurring).

In reconciling § 1983 and the federal habeas statute, *Heck* confronted the issue of § 1983 claims brought "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

-4-

unlawfulness would render a conviction or sentence invalid." *Id.* at 486. The

Court held that in order to be allowed to proceed in those types of actions, "a

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus." *Id.* at 486-87.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment in favor of the
> plaintiff would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already
> been invalidated. But if the district court determines that the
> plaintiff's action, even if successful, will *not* demonstrate the
> invalidity of any outstanding criminal judgment against the plaintiff,
> the action should be allowed to proceed, in the absence of some other
> bar to the suit.

*Id.* at 487 (emphasis in original) (footnotes omitted); *see also Wallace v. Kato*,

549 U.S. 384, 393 (2007) (noting the *Heck* bar is called into play only when there

exists a criminal conviction that the § 1983 cause of action would impugn).

We have said that "[t]he purpose behind *Heck* is to prevent litigants from

using a § 1983 action, with its more lenient pleading rules, to challenge their

conviction or sentence without complying with the more stringent exhaustion

requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th

Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004) (per

curiam)). The question presented here is whether the *Heck* bar is applicable

-5-

where the § 1983 claims arise from allegedly false arrests that led to falsified pre-trial diversions.

## III.

Like dismissals under Rule 12(b)(6), we review *de novo* a district court's *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) in an *in forma pauperis* proceeding. *See Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

In dismissing Mr. Vasquez's § 1983 claims against Officers Starks and Gross, the district court stated:

> The court concludes the diversion agreement in question here is *sufficiently analogous to a finding in a criminal action* that it is reasonable to impose the *Heck* bar. There has been no favorable termination of the criminal charges against plaintiff, and the court finds no compelling reason to allow claims presented in a civil rights action which would imply the invalidity of a diversion to proceed where claims arising from a criminal conviction could not.[3]

Order I at 6; Order II at 5 (emphasis added). Contrary to the district court's conclusion, under Kansas law a "[d]iversion is . . . a means to avoid a judgment of criminal guilt," the opposite of a conviction in a criminal action. *State v.*

---

[3] The district court also held that it "interprets this action to assert claims of constitutional violations. Although plaintiff appears to challenge the validity of the diversion, such a claim must be pursued in the state court." Order II at 3. The court noted: "The court offers no opinion on whether any state court remedies remain available to the plaintiff, as it appears the events occurred nearly ten years prior to the filing of this action." *Id.* at 3 n.2.

-6-

*Chamberlain,* 120 P.3d 319, 323 (Kan. 2005); KAN .STAT. ANN. § 22-2906(3), (4) (2008); KAN. STAT. ANN. § 12-4413(c), (d) (2008).

Here, there is no related underlying conviction that could be invalidated by Mr. Vasquez's § 1983 actions. The diversion agreements resulted in deferral of prosecution of the offenses at issue. As a consequence, under Kansas law there are no "outstanding judgments," or "convictions or sentences" against Mr. Vasquez either for driving under the influence and transportation of open containers of alcohol, or for disorderly conduct[4] and battery – the charges from which his § 1983 claims stem.

Courts disagree as to whether the *Heck* bar applies to pre-trial programs similar to diversion agreements. *Compare*, *e.g.*, *S.E. v. Grant County Bd. of Educ.*, 544 F.3d 633, 639 (6th Cir. 2008) (holding *Heck* inapplicable to pre-trial diversion agreements); and *Butts v. City of Bowling Green*, 374 F. Supp. 2d 532, 537 (W.D. Ky. 2005) (same), *with Gilles v. Davis*, 427 F.3d 197, 211-12 (3d Cir. 2005) (holding that § 1983 claims of a plaintiff who had participated in pre-trial probationary programs were barred by *Heck*). In our judgment, holding that the *Heck* bar applies to pre-trial diversions misses the mark.

The Supreme Court in *Wallace* made clear that the *Heck* bar comes into play only when there is an actual conviction, not an anticipated one. 549 U.S. at

---

[4] The charge of disorderly conduct was dismissed on August 27, 1998. *See* Rec. II, exh. 2 (state court order approving second diversion agreement).

393. The Court explained why this is so:

> What petitioner seeks . . . is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see *Heck*, 512 U.S., at 487, n. 7, 114 S.Ct. 2364 – all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? . . . . We are not disposed to embrace this bizarre extension of *Heck*.

*Id.*; *see also Butler*, 482 F.3d at 1279 ("The starting point for the application of *Heck* . . . is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action. In other words, a § 1983 action implicates *Heck* only as it relates to the conviction that it would be directly invalidating.").[5] There is no such conviction here.

Because we have determined that the Kansas pre-trial diversion agreements are not outstanding convictions and therefore these § 1983 claims impugning their validity are not barred by *Heck*, we need not decide whether *Heck* applies when

---

[5] In *Butler*, 482 F.3d at 1279, we permitted the petitioner to bring a § 1983 action seeking damages based on the officer's conduct during his arrest where the resulting charges were later dismissed as part of a plea agreement regarding other unrelated charges. We reasoned that *Heck* was inapplicable because with respect to the dismissed charge "[t]here [wa]s no related underlying conviction . . . that could be invalidated by Mr. Butler's § 1983 action." *Id.*

-8-

the plaintiff lacks an available remedy in habeas. Although we implied in *Butler*

in dicta that *Heck* does not apply when a habeas remedy is lacking, 482 F.2d at

1278-81, we decline to reach this issue which the Supreme Court has not

resolved, *see Close*, 540 U.S. at 752 n.2, and on which the circuits are split.[6]

## IV.

In the case against Officer Gross, the district court stated in its *sua sponte*

dismissal order that "even if the court declined to extend the *Heck* rule to a

diversion, this matter would be subject to dismissal under the two-year limitation

---

[6] *Compare, e.g.*, *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying *Heck* to bar petitioner's § 1983 action challenging the length of his imprisonment where habeas relief was no longer available), *Gilles v. Davis*, 427 F.3d 197, 209-10 (3d Cir. 2005) (applying *Heck* to bar § 1983 action challenging on First Amendment grounds his arrest for disorderly conduct although plaintiff had no recourse to habeas action), *Randell v. Johnson*, 227 F.3d 300, 300-01 (5th Cir. 2000) (applying *Heck* to bar § 1983 action where petitioner was ineligible to obtain habeas relief because he was no longer in custody), *and Figueroa v. Rivera*, 147 F.3d 77, 79-80 (1st Cir. 1998) (applying *Heck* to bar § 1983 action brought by heirs of former inmate whose habeas petition was dismissed as moot following his death), *with Wilson v. Johnson*, 535 F.3d 262, 264, 267-68 (4th Cir. 2008) (holding *Heck* does not bar relief for petitioner seeking monetary damages for past confinement where it was no longer possible for petitioner to satisfy the favorable termination requirement via habeas corpus), *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 598, 601-03 (6th Cir. 2007) (holding *Heck* inapplicable where petitioner was incarcerated for less than thirty days and thus could not bring a challenge under the habeas corpus statute), *and Nonnette v. Small,* 316 F.3d 872, 874, 876 (9th Cir. 2002) (holding *Heck* does not bar parolee seeking damages for unconstitutional deprivation of good-time credits where habeas unavailable because petitioner had already served the term resulting from parole revocation).

period applicable to an action brought pursuant to § 1983." Order II at 6 n.3. As the district court noted, Mr. Vasquez asserted in his complaint against Officer Gross that he "did not knew [*sic*] about this false case until 2005." Rec. II, vol. I, Complaint II at 5. Mr. Vasquez did not file his complaint against Officer Gross until 2008, more than two years after he allegedly learned about the pre-trial diversion.[7]

The Supreme Court has made clear that even under the judicial screening procedures set up in the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e *et seq.*, to screen out meritless § 1983 prisoner complaints, there is no heightened pleading requirement and a *pro se* plaintiff does not have to anticipate affirmative defenses in his complaint. *Jones v. Bock*, 549 U.S. 199, 212-13 (2007). In so doing, the Court nevertheless recognized the long-standing rule that "[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Id.* at 215. *See Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district courts have the authority to raise the statute of limitations affirmative defense *sua sponte* when it is "clear from the face of the complaint [and is] rooted in adequately developed facts.").

---

[7] When we appointed counsel for Mr. Vasquez on this appeal, we asked him to address only the *Heck* matter. Hence, we have no briefing from either party on the statute of limitations question.

But a statute of limitation is subject to tolling and nothing in Mr. Vasquez's complaint indicates that he would have no meritorious tolling argument. In fact, Mr. Vasquez is incarcerated at the Larned Mental Health Correctional Facility, Order II at 1, raising the implication that he might be entitled to tolling for a mental disability. *See Fratus*, 49 F.3d at 675 (reversing *sua sponte* dismissal of prisoner suit where tolling of statute of limitations for mental incompetency was possible); *Britz v. Williams*, 942 P.2d 25, 30 (Kan. 1997) (KAN. STAT. ANN. § 60-515 "tolls the statute of limitations for *any person* who is incapacitated at the time the cause of action accrues or *at any time during the period the statute of limitations is running.*").

While the Supreme Court has said in the habeas context that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," *Day v. McDonough*, 547 U.S. 198, 209 (2006), the Court held that "[o]f course, *before acting on its own initiative*, a court must accord the parties fair notice and an opportunity to present their position," *id.* at 210 (emphasis added). In applying *Jones* and *Day* in *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1086-89 (10th Cir. 2008), we addressed a situation where the district court had dismissed a prisoner's habeas action for failing to sufficiently respond to the court's order that he provide information to establish that the one-year statute of limitations was tolled. The prisoner asserted that he had tried without success to obtain the necessary information from the state. In

-11-

reversing, we held "that a § 2254 petitioner does not bear a heightened burden of pleading timeliness in his application. Consequently, the court may not dismiss the petition *sua sponte* simply because it lacks sufficient information to determine whether the application has been timely filed." *Id.* at 1089.

We think the aforementioned authorities support our conclusion that a district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue. *See Abbas v. Lt. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (applying *Jones* and holding that where "the District Court could not tell from the face of Abbas's complaint whether he might have meritorious tolling arguments . . . the District Court should not have dismissed Abbas's complaint on the basis of an anticipated statute-of-limitations defense without granting Abbas notice and an opportunity to be heard."). When a district court believes it is likely that a *pro se* prisoner's § 1983 complaint is dismissible on the basis of the state's statute of limitations, the court may issue a show cause order giving the plaintiff an opportunity to explain why the statute of limitations should be tolled. *See Street v. Vose*, 936 F.2d 38, 41 n.5 (1st Cir. 1991) (suggesting same).[8] Because it is not clear from the face of Mr. Vasquez's

---

[8] The dissent believes that the district court's order of dismissal provided
(continued...)

-12-

complaint that no state tolling provision was applicable to cure his timeliness problem and he was not given notice and an opportunity to address the issue, we reverse the district court's alternative holding that Mr. Vasquez's complaint against Officer Gross was dismissible on the basis of the statute of limitations.

## V.

For the foregoing reasons, we **REVERSE** the district court's dismissal of Mr. Vasquez's complaints against both Officer Stark (No. 08-3121) and Officer Gross (No. 08-3134) and **REMAND** for further proceedings in accordance with this opinion.

---

[8](...continued)
Mr. Vasquez sufficient notice to raise any tolling argument. But that ignores the Supreme Court's admonition in *Day* that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions," 547 U.S. at 210, as well as our long-standing rule that a prisoner complaint is dismissed *sua sponte* on statute of limitations grounds only so long as the defense is "patently clear from the face of the complaint" and "rooted in adequately developed facts," *Fratus*, 49 F.3d at 675. *Cf. Kilgore*, 519 F.3d at 1086-89 (applying the same rule in habeas cases).

-13-

08-3121, <u>Vasquez v. Starks</u>; 08-3134, <u>Vasquez Arroyo v. Frame</u>

**BRISCOE**, J., concurring in part and dissenting in part:


Because I agree that the district court erred in concluding that both cases were barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), I join Parts I, II and III of the majority opinion. In turn, because the <u>Heck</u> ruling was the only basis for the district court's dismissal of Vasquez's complaint against Officer Starks (Case No. 08-3121), I fully join in the judgment reversing and remanding that case for further proceedings.

I cannot, however, join Part IV of the majority's opinion which reverses the district court's alternative basis for dismissing Vasquez's complaint against Officer Gross (Case No. 08-3134), i.e., that Vasquez's complaint was untimely. I would affirm the district court's dismissal of Case No. 08-3134 on statute of limitations grounds and not remand for a show cause to address equitable tolling. By way of the district court's order of dismissal in that case, Vasquez was given notice of the statute of limitations problem evident from the face of his complaint against Officer Gross. At that point, he had the opportunity to raise before the district court any viable bases he may have had for equitable tolling. He did not do so. Although he has appealed the order of dismissal, and thereby had an ample opportunity to challenge the district court's statute of limitations ruling, his appellate pleadings also do not mention the district court's statute of limitations ruling or otherwise offer any explanation that could reasonably be construed as an

argument for equitable tolling.

I also question the propriety of the new rule announced by the majority in Part IV, which borrows support for its conclusions from our habeas corpus jurisprudence. As I read it, Part IV will, in all but a few instances, effectively require a district court, prior to dismissing as untimely a *pro se* prisoner § 1983 complaint, to issue a show cause order "giving the plaintiff an opportunity to explain why the statute of limitations should not be tolled." Maj. Op. at 12. In my view, however, no such procedural requirement is necessary. A district court's order of dismissal on statute of limitations grounds effectively operates as a "show cause" order that may be responded to by a *pro se* prisoner in at least two ways. Specifically, a pro se prisoner plaintiff whose § 1983 action has been dismissed as untimely has the opportunity, either by way of a motion for reconsideration or via appellate pleadings, to argue any "meritorious tolling issues" that may exist. If those arguments have merit, the district court can withdraw the order of dismissal following the filing of a motion for reconsideration, or the court of appeals can reverse the district court when the issue is raised by the prisoner on appeal. As Vasquez has not sought the benefit of equitable tolling by raising it either before the district court or on appeal, it is not our role to now raise the issue for him.