**UNITED STATES COURT OF APPEALS**

March 30, 2011

**TENTH CIRCUIT**

ROBERTO EVERADO GONZALES,

      Petitioner - Appellant,

v.

H. A. LEDEZMA, Warden,

      Respondent - Appellee.

No. 10-6200
(W.D. Okla.)
(D.C. No. 5:10-CV-00670-F)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Roberto Everado Gonzales, a federal prisoner appearing pro se, pled guilty to

conspiracy to possess with intent to distribute and to distribute methamphetamine,

cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. He was

sentenced to 188 months imprisonment, which included an enhancement for possession

of a firearm. The sentencing court recommended he be allowed to participate in the

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Bureau of Prisons' 500-hour Residential Drug Treatment Program (RDTP). Allegedly, Gonzales successfully completed the RDTP, which would normally have allowed him to receive a sentence reduction of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."). However, 28 C.F.R. § 550.55(b)(5)(ii) categorically excludes inmates, like Gonzales, who have a current felony conviction for an offense involving the "carrying, possession, or use of a firearm or other dangerous weapon or explosives" from receiving a sentence reduction upon completion of the RDTP. Consequently, Gonzales did not receive a sentence reduction.

Disgruntled, Gonzales filed a 28 U.S.C. § 2241 petition for writ of habeas corpus, alleging 28 C.F.R. § 550.55 violates due process and the Administrative Procedures Act.[1] The petition was referred to a magistrate judge who issued a report recommending the district court deny the petition. Gonzales objected to the magistrate's recommendation. He said:

> The magistrate fails to argue or defend the [Bureau of Prisons'] abuse of discretion in categorically excluding inmates with [§] 924(c)(3) or convictions in [§] 922(g) under 21 U.S.C. § 841. Petitioner had a Second Amendment right to have gun[]s in his house because Petitioner had never been convicted of a crime or felony, this was Petitioner's first criminal conviction so any statutory argument would not pertain to him in this case.

---

[1] Because Gonzales is a federal prisoner, a certificate of appealability is not required to appeal the denial of his § 2241 petition. *Hunnicutt v. Hawk*, 229 F.3d 997, 998 (10th Cir. 2000).

> Furthermore, Petitioner sought a Rule 23 class certification with others filing for the same relief . . . which the court either silently denied but failed to disclose to the Petitioner its reason[]s why. Moreover, the magistrate judge fails to elaborate in [her] report and recommendation if [the Bureau of Prisons] has the authority to override a plea agreement that the Petitioner signed in a contract with the government promising Petitioner one year early release [and] 6 month[]s halfway house upon successfully completing [the] RDTP.

(R. Vol. I at 20-21.)

After de novo review, the district court determined Gonzales' objections were without merit. It also said that the issues raised for the first time in his objections, *i.e.*, his arguments regarding class certification and breach of his plea agreement, were waived. The court adopted the magistrate judge's recommendation and denied Gonzales' § 2241 petition. It denied his subsequent motion to proceed *in forma pauperis* (*ifp*) on appeal, certifying pursuant to 28 U.S.C. § 1915(a)(3) that the appeal was not taken in good faith. Gonzales renews his *ifp* request with this Court.

In his brief, Gonzales does not challenge 28 C.F.R. § 550.55 but instead repeats the arguments he raised for the first time in his objections to the magistrate judge's report and recommendation. The district court correctly determined these issues were waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). We do not consider waived arguments. *Id.*

**AFFIRMED.** Gonzales' request to proceed *ifp* on appeal is **DENIED**. He must

pay the full amount of the filing and docketing fees.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge