FILED
United States Court of Appeals
Tenth Circuit

May 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DALE P. ARMELIN,

      Plaintiff–Appellant,

v.

PATRICK R. DONAHOE, Postmaster
General; UNITED STATES POSTAL
SERVICE,

      Defendants–Appellees.

No. 12-1483
(D.C. No. 1:11-CV-02823-CMA-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Dale Armelin appeals from the district court's dismissal of his complaint as

untimely filed. We dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i) as

frivolous.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Armelin filed suit against his former employer, the United States Postal Service, alleging race and color discrimination, and retaliation during his employment. Defendants moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that Armelin had failed to exhaust and that the complaint was untimely filed. Armelin admitted in his response that his complaint was untimely because he wrote down the wrong deadline on his calendar.

A magistrate judge recommended that the motion to dismiss be granted, concluding that the complaint was untimely and that Armelin was not entitled to equitable tolling. Armelin filed objections to the recommendation, but he did not challenge the basis of the recommendation or the magistrate judge's equitable tolling conclusion. The district court summarily adopted the magistrate judge's recommendation and dismissed the complaint. It also denied Armelin's request to proceed in forma pauperis ("IFP"), holding that an appeal would not be taken in good faith. Armelin appeals.

**II**

We conclude that Armelin has waived the arguments he seeks to advance on appeal by failing to present those arguments in his objections to the magistrate judge's recommendation. "[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." Duffield v.

Jackson, 545 F.3d 1234, 1237 (10th Cir. 2008) (quotation omitted). "The failure to timely object to a magistrate's recommendations waives appellate review of both factual and legal questions." Id. (quotation omitted). "There are two exceptions when the firm waiver rule does not apply: when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." Id. (quotation omitted). Neither exception applies in this case.

Armelin argued in his objections that his complaint had merit. But he did not present any argument challenging the magistrate judge's analysis or recommendation as to timeliness and equitable tolling. (Nor could he, given his concession that he had simply made a mistake about the filing deadline.) By failing to object to the basis of the magistrate judge's recommendation for dismissal, Armelin has waived our review. See Gardner v. Galetka, 568 F.3d 862, 871 (10th Cir. 2009).

## III

Because Armelin has not advanced a reasoned, non-frivolous argument on appeal, the appeal is **DISMISSED**, 28 U.S.C. § 1915(e)(2)(B)(i), and we **DENY** his motion to proceed IFP, see DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carlos F. Lucero
Circuit Judge

- 3 -