**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID BRYAN BALLARD,

     Plaintiff - Appellant,

v.

KEN ANDERSON; JOHN BRADLEY;
BILL HINES,

     Defendants - Appellees.

No. 21-4017
(D.C. No. 2:19-CV-00306-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

In 2002, plaintiff-appellant David Bryan Ballard was convicted after a jury trial held in Texas state court and sentenced to twelve years of imprisonment.[1] Defendant-appellee Ken Anderson served as the judge who presided over Ballard's trial; defendant-appellee John Bradley served as the prosecutor; and defendant-appellee Bill Hines served as Ballard's court-appointed defense attorney. On May 3,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The facts recounted in this decision are derived from Ballard's complaint.

2019, Ballard initiated this pro se suit against Anderson, Bradley, and Hines in the U.S. District Court for the District of Utah, alleging that Anderson and Bradley "'abused' their 'capacity' and 'office,' while . . . Hines essentially provided ineffective assistance of counsel." R. at 63 (district court memorandum decision & dismissal order) (quoting R. at 7 (complaint)).

Ballard—for reasons that are not disclosed by the record—was incarcerated when he filed his complaint, so the district court screened it pursuant to 28 U.S.C. § 1915A.[2] After reviewing the complaint, the district court dismissed the case on the alternative grounds that (1) venue was improper in the District of Utah because "[a] careful review of the Complaint reveals no reference whatsoever to Utah, let alone any allegation that Utah is home to any party, events, omissions or property possibly involved in this case," R. at 64; (2) Anderson was entitled to judicial immunity; (3) Bradley was entitled to prosecutorial immunity; (4) Hines did not act under color of state law when he functioned as Ballard's counsel; and (5) Ballard's suit was foreclosed by *Heck v. Humphrey*, 512 U.S. 477 (1994), because *Heck* "prevents litigants 'from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent

---

[2] 28 U.S.C. § 1915A directs a district court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Id.* § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[] or . . . seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

exhaustion requirements for habeas actions,'" R. at 66 (quoting *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007)). *See* R. at 64–66. Ballard now appeals.

Before this court, Ballard fails to challenge the district court's conclusion that venue was improper. That failure resolves this appeal. "If the district court states multiple alternative grounds for its ruling and the appellant does not challenge all those grounds in the opening brief, then we may affirm the ruling." *Rivero v. Bd. of Regents of Univ. of N.M.*, 950 F.3d 754, 763 (10th Cir. 2020). Applying that rule here, we affirm on the basis that Ballard waived any challenge to the determination that the District of Utah is the wrong venue for a suit about actions taken in Texas by Texas-based actors during Texas state court proceedings.

We decline to address the other grounds on which the district court ruled. "Because there 'exists a strong policy to conserve judicial time and resources,' . . . 'preliminary matters such as [venue] should be raised and disposed of before the court considers the merits or quasi-merits of a controversy.'" *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (ellipses omitted) (quoting *Wyrough & Loser, Inc. v. Pelmor Lab'ys, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)). Thus, having affirmed the district court's venue ruling, we need not expend effort considering the other aspects of the district court's decision. Additionally, by limiting our review, we leave room for "the merits [to] be litigated" "[i]n the proper venue." *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 851 (9th Cir. 1997).

Our narrow ruling, however, creates a small procedural hiccup. The district court dismissed Ballard's suit with prejudice, presumably because, in addition to deciding that venue was improper, it determined that Ballard failed to state a claim upon which relief could be granted. *See* R. at 64–68. Yet we affirm only on venue grounds, and precisely because a dismissal for improper venue does not "operate[] as an adjudication on the merits," Fed. R. Civ. P. 41(b), such dismissals "should be without prejudice," *Goff v. Hackett Stone Co.*, 185 F.3d 874, 1999 WL 397409, at *2 (10th Cir. 1999) (unpublished table decision).[3] Therefore, we vacate the district court's decision to the extent that it opined on the merits of Ballard's claims and dismissed his suit with prejudice, and we remand for the district court to enter an order dismissing the case without prejudice for improper venue. *See Goff*, 1999 WL 397409, at *2 (remanding for district court to alter its dismissal).

Ballard also filed in the district court an application to proceed *in forma pauperis* ("*ifp*") on appeal. The district court granted Ballard *ifp* status for purposes of its own proceedings, but it concluded that Ballard should not retain that status on appeal. It reached this conclusion because it determined, pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), that Ballard's "claims . . . are entirely without merit and, therefore, [his] appeal is not taken in good faith." R. at 73.[4]

---

[3] Unpublished cases cited in this decision are not binding precedent, but we consider them for their persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A), (C).

[4] As relevant here, Federal Rule of Appellate Procedure 24(a)(3)(A) states that "[a] party who was permitted to proceed in forma pauperis in the district-court action

Ballard has now filed an *ifp* motion with this court. We have previously denied *ifp* motions in cases where appellants waived their arguments. *See Armelin v. Donahoe*, 515 F. App'x 760, 761 (10th Cir. 2013) (unpublished); *Gonzales v. Ledezma*, 417 F. App'x 824, 826 (10th Cir. 2011) (unpublished). We do so again here.

For the foregoing reasons, we AFFIRM the judgment of the district court insofar as the district court determined that venue was improper in the District of Utah, we VACATE the remainder of the district court's decision as well as its dismissal of the case with prejudice, and we DENY Ballard's motion to proceed *ifp* on appeal. We REMAND to the district court for entry of an order dismissing the case without prejudice for improper venue.

Entered for the Court

Allison H. Eid
Circuit Judge

---

. . . may proceed on appeal in forma pauperis . . . unless . . . the district court . . . certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification."